IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERBERT KOONCE and ROSETTA KOONCE, | ) ) ) |
| Plaintiff, | ) ) ) |
| Vs. | ) No. ) |
| BARNES-JEWISH HOSPITAL, | ) ) JURY DEMAND |
| Defendant. | ) |

## JURISDICTION

Jurisdiction is pursuant to the Diversity of Citizenship, Title 28, U.S.C. Section 1332. Plaintiff lives in the State of Illinois and Defendant is resident of the State of Missouri.

## COMPLAINT

## COUNT I

COMES NOW, Plaintiff, HERBERT KOONCE, by and through his attorneys, John J. Hopkins & Associates, P.C. and presents his Complaint against the Defendant, BARNES-JEWISH HOSPITAL, states as follows:

1. That at all times herein mentioned, Plaintiff Herbert Koonce was a resident of Collinsville, Madison County, Illinois.

2. That at all times herein mentioned, Defendant Barnes-Jewish Hospital (hereinafter as "Barnes-Jewish") by and through its agents, servants, employees, was engaged in the business of providing medical, surgical, and hospital services and facilities in the City of St. Louis, Missouri.

3. That on the date of August 31, 2015, Plaintiff Herbert Koonce did present himself to the Defendant Barnes-Jewish Hospital; that Plaintiff was transferred to Barnes-Jewish from another hospital, to wit: Gateway Regional Health Center in Granite City, Illinois.

4. That at said time and place Plaintiff Herbert Koonce came under the care and treatment of Defendant Barnes-Jewish.

5. That at said time and place it was the duty of the Defendant Barnes-Jewish to exercise the requisite standard of care in the treatment of patients.

6. That at said time and place, Defendant failed to exercise the requisite standard of care for a reasonably prudent hospital in one or more of the following respects:

    a. Failed to maintain a sterile field in which to place a lumbar drain;

    b. Failed to properly clean and sanitize Herbert Koonce's body after he suffered from diarrhea, before the lumbar drain was placed;

    c. Failed to properly clean and sanitize Herbert Koonce's bed and surroundings after he suffered from diarrhea, before the lumbar drain was placed.

7. That as a direct and proximate result of the negligent conduct of the Defendant, Plaintiff Herbert Koonce has suffered serious and permanent injuries, causing great pain, suffering, and disability; that Plaintiff has incurred significant economic loss as a result of said disability as well as the general reduction and loss of a normal life, all to his damage in a sum in excess of $50,000.

8. Attached hereto is an Affidavit pursuant to Fed. R. Civ. P. 26(a)(2)(B) (See Exhibit A).

WHEREFORE, Plaintiff, Herbert Koonce, prays for judgment against the Defendant, Barnes-Jewish Hosptial, in an amount in EXCESS of FIFTY THOUSAND DOLLARS ($50,000.00), and costs as provided for by statute.

JOHN J. HOPKINS & ASOCIATES, P.C.

_____
John J. Hopkins (#01258192)
500 East 6th Street
P.O. Box 595
Alton, Illinois 62002
(618) 655-9600 Phone
(618) 655-9690 Fax
jhopkins@jjhandassociates.com
ATTORNEYS FOR PLAINTIFFS

## COUNT II

COMES NOW, Plaintiff, ROSETTA KOONCE, by and through her attorneys, John J. Hopkins & Associates, P.C. and presents her Complaint against the Defendant, BARNES-JEWISH HOSPITAL, states as follows:

1. That at all times herein mentioned, Plaintiff Rosetta Koonce was a resident of Collinsville, Madison County, Illinois.

2. That at all times herein mentioned, Defendant Barnes-Jewish Hospital (hereinafter as "Barnes-Jewish") by and through its agents, servants, employees, was engaged in the business of providing medical, surgical, and hospital services and facilities in the City of St. Louis, Missouri.

3. That on the date of August 31, 2015, Plaintiff Herbert Koonce did present himself to the Defendant Barnes-Jewish Hospital; that Plaintiff was transferred to Barnes-Jewish from another hospital, to wit: Gateway Regional Health Center in Granite City, Illinois.

4. That at said time and place Plaintiff Herbert Koonce came under the care and treatment of Defendant Barnes-Jewish.

5. That at said time and place it was the duty of the Defendant Barnes-Jewish to exercise the requisite standard of care in the treatment of patients.

6. That at said time and place, Defendant failed to exercise the requisite standard of care for a reasonably prudent hospital in one or more of the following respects:

    a. Failed to maintain a sterile field in which to place a lumbar drain;

    b. Failed to properly clean and sanitize Herbert Koonce's body after he suffered from diarrhea, before the lumbar drain was placed;

    c. Failed to properly clean and sanitize Herbert Koonce's bed and surroundings after he suffered from diarrhea, before the lumbar drain was placed.

7. That as a direct and proximate result of the negligent conduct of the Defendant, Plaintiff Herbert Koonce has suffered serious and permanent injuries, causing great pain, suffering, and disability; that Plaintiff has incurred significant economic loss as a result of said disability as well as the general reduction and loss of a normal life, all to his damage in a sum in excess of $50,000.

8. That at all times herein mentioned Plaintiff Rosetta Koonce was the lawful wife and spouse of Plaintiff Herbert Koonce; that as a direct result of the injuries to Plaintiff Herbert Koonce, Plaintiff Rosetta Koonce has incurred a loss of consortium with regard to the love and affection of her husband Herbert Koonce.

9. Attached hereto is an Affidavit pursuant to Fed. R. Civ. P. 26(a)(2)(B) (See Exhibit A).

    WHEREFORE, Plaintiff, Rosetta Koonce, prays for judgment against the Defendant, Barnes-Jewish Hosptial, in an amount in EXCESS of FIFTY THOUSAND DOLLARS ($50,000.00), and costs as provided for by statute.

                              JOHN J. HOPKINS & ASOCIATES, P.C.

                              _____
                              John J. Hopkins (#01258192)
                              500 East 6th Street
                              P.O. Box 595
                              Alton, Illinois 62002
                              (618) 655-9600 Phone
                              (618) 655-9690 Fax
                              jhopkins@jjhandassociates.com
                              ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

HERBERT KOONCE and ROSETTA KOONCE, )
)
Plaintiff, )
)
Vs. ) No.
)
BARNES-JEWISH HOSPITAL, )
)
Defendant. )

## AFFIDAVIT OF MERIT

COMES NOW Affiant, John J. Hopkins, having first been duly sworn upon his oath, and states as follows:

A. That Affiant is the attorney for the Plaintiff, Herbert Koonce, and has filed a cause of action on behalf of Plaintiff against Barnes-Jewish Hospital.

B. That the aforesaid cause of action seeks damages proximately caused by the negligence of the Defendants who provided medical services to the Plaintiff.

C. That the Plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences.

D. That a written expert report is attached.

JOHN J. HOPKINS & ASSOCIATES, P.C.

_____
John J. Hopkins (#01258192)
500 East 6th Street
P.O. Box 595
Alton, IL 62002
(618) 655-9600 Phone
(618) 655-9690 Fax
jhopkins@jjhandassociates.com
ATTORNEYS FOR PLAINTIFFS

## EXHIBIT A

Page 1 of 2

SUBSCRIBED AND SWORN to before me, a Notary Public, on this __18th__ day of __July__, 2017.

_____
Notary Public

OFFICIAL SEAL
LAUREN CHANCEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/04/18

**EXHIBIT A**

**Page 2 of 2**

April 20, 2017

Re: Herbert Koonce

Dear Mr. Hopkins:

I have been a practicing physician, licensed in Missouri, and Illinois, for over 30 years. I have read the medical records of the patient, Herbert Koonce, during his hospitalization and treatment from 8/31/2015, thru 9/8/2015. A brief summary of the case is as follows:

Mr. Herbert Koonce is a 71 Y/O African-American male who has had a long history of mental status changes and a diagnosis of early dementia and Parkinson's disease. He was hospitalized at Gateway Hospital, in Granite City, Illinois, and had an Lumbar Puncture (LP) on 8/19/15, at which time Cerebral Spinal Fluid (CSF) was drained. His symptoms improved but returned over time. Thus, a diagnosis of Normal Pressure Hydrocephalus (NPH) was entertained. His head CT scans shows some global atrophy, and according to some sources, some ventriculomegaly.

He had a syncopal episode on 8/31/2015, and was seen again at Gateway and immediately transferred to the neurosurgery department at Barnes. The patient was worked up for the syncopal episode. He was stable for a few days with no signs or symptoms of meningitis. Another LP was performed on 09/03/15. This was done to see if the placement of a Lumbar Drain would help his cognition and reinforce the Diagnosis of NPH. The drain was placed, apparently without difficulty, about 12:30 pm and was removed about 10 am the next day (approximately 21.5 hours), with 134 cc CSF drained. At that time, a sample of CSF was sent for analysis, which showed White Blood Cells. Aggressive treatment for meningitis was immediately begun. The CSF Culture grew out Enterococcus Faecalis.

At the time of admission, 8/31/15, he was begun on Colace and Senecot, both to help to prevent constipation. He was given these meds until 9/3/15, when the nurse did not administer

them because of multiple loose stools. A stool culture was obtained because of the diarrhea, or perhaps because of the unusual bacteria in his CSF, and also grew Enterococcus.

An Infectious Disease consult on 9/5/15, stated that the meningitis was "Most likely 2/2 recent lumbar drain"; with 2/2 meaning "secondary to".
One would therefore be forced to conclude that the fecal bacteria contaminated the CSF.

We, therefore, have a patient, who, although had other co-morbidities, did not have meningitis when he was admitted to Barnes, and has since suffered greatly as a result of the hospital acquired infection. The obvious conclusion is that either a breakdown in aseptic technique at the time of the initial placement of the Lumbar Drain (i.e. the prep was not adequate due to the diarrhea) or that he laid in fecal matter in his bed, before it was cleaned up, and contaminated the area. Either way, Mr. Koonce suffered a debilitating injury.

In Summary, it is my medical opinion to a reasonable degree of medical certainty,
that the lumbar drain became contaminated, either during the placement of or during the time that it was in place, which then resulted in the patient contracting the Enterococcal Meningitis. Therefore, since the patient was under the sole care and management of Barnes Hospital, and such an occurrence as this could not have happened otherwise, negligence most certainly would have had to occur.

Thank you for allowing me to evaluate this very interesting but unfortunate case.


Philip D. Kannel, DO, FACS
Midwest Medical Legal Consulting, LLC
drkannel@midwestmlc.com
www.midwestmlc.com
(618) 973-5108